UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTOR L. JORDAN,

    Plaintiff,

    v.                                    CAUSE NO. 3:23-CV-173-DRL-JPK

SHERIFF *et al.*,

    Defendants.

## OPINION AND ORDER

Victor L. Jordan, a prisoner without a lawyer, filed an amended complaint. ECF 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Jordan alleges that on February 1, 2023, or February 2, 2023, he had symptoms of COVID-19. He was arrested and, while being transported, was having health issues.[1] The arresting officer was going to take Mr. Jordan to the hospital, but he declined because he believed he could get medical help at the jail. Once at the jail, a nurse assessed Mr. Jordan, but she couldn't offer much help until the doctor could see him. Mr. Jordan

---

[1] Mr. Jordan doesn't describe his symptoms or health issues in the amended complaint.

doesn't provide details regarding the medical care he received after the initial assessment, but he reports it was later determined that he was suffering symptoms related to long-term COVID-19.

Mr. Jordan has sued the Quality Correctional Care policy maker. Mr. Jordan is unhappy that the nurse didn't have more authority to make decisions regarding his care without waiting for him to see the doctor. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and neither Quality Correctional Care nor its policymakers can be held liable for a constitutional violation solely because the company employs the medical staff responsible for Mr. Jordan's care. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy," *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted).

Here, Mr. Jordan hasn't plausibly alleged that any official policy or custom caused his rights to be violated. *See e.g. Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content); *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (noting that a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level") (internal quotation marks and citation omitted); *see also Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021) (isolated incidents of

wrongdoing by a few employees can't support a *Monell* claim). Therefore, the claims against Quality Correction Care or its policy makers will be dismissed.

Mr. Jordan also sued Dr. Tchatpat, but the amended complaint doesn't mention any medical care being provided to Mr. Jordan by Dr. Tchatpat. Because he hasn't alleged facts from which it could plausibly be inferred that Dr. Tchatpat violated his constitutional rights, he can't proceed against him.

Shortly after his arrival at the jail, Sgt. Cecil decided to put Mr. Jordan in the emergency restraint chair after he allegedly yelled and threatened to harm a cell. Mr. Jordan indicates he wasn't a threat to himself or others, so he says he shouldn't have been placed in the restraint chair. Once in the chair, he didn't receive a two-hour limb rotation or an opportunity to walk and use the restroom at four hours, in accordance with the jail's policy. Mr. Jordan eventually urinated on himself due to the lack of access to a restroom. Because Sgt. Cecil was in charge, Mr. Jordan believes Sgt. Cecil should have personally assessed Mr. Jordan at four hours to ensure he received an opportunity to walk and use the restroom.

On February 8, 2023, Sgt. Cecil again put Mr. Jordan in a restraint chair. This time, he was placed in the chair at 11:40 p.m. so that a flood could be cleaned up. He remained in the chair until 4:30 a.m. He again urinated on himself because he wasn't given an opportunity to use the restroom.

Because Mr. Jordan reports that these events occurred shortly after he was detained, the court presumes for purposes of this order that he was a pretrial detainee at

the time these events occurred.² Thus, his rights arise under the Fourteenth Amendment, not the Eighth Amendment, which applies to a person who has been convicted and sentenced. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)).

To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* at 397. Here, Mr. Jordan plausibly alleges that Sgt. Cecil used objectively unreasonable force against him when he placed him in the restraint chair on February 1, 2023 (or February 2, 2023) and February 8, 2023. However, Mr. Jordan will not be permitted to proceed against Sgt. Cecil for the alleged failure to ensure that other officers were providing Mr. Jordan with limb rotations and restroom breaks because the amended complaint doesn't allege that he was personally involved in decisions regarding his care once in the ERC. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Mr. Jordan also sued the LaPorte County Sheriff because he's in charge and has allegedly failed to properly train his staff. Mr. Jordan can't hold the sheriff liable merely

---

² Though Mr. Jordan indicates that he had been convicted and was serving a sentence, the circumstances he describes call that into question. ECF 11 at 7.

4

because of his supervisory position at the jail. *See Burks*, 555 F.3d at 596 ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). "An allegation of a 'failure to train' is available only in limited circumstances," and this isn't such a case. *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). A failure to train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations," but Mr. Jordan's amended complaint contains no such allegations. Therefore, he may not proceed against the sheriff.

Mr. Jordan has also sued LaPorte County because it employs the sheriff and Sgt. Cecil. A county can't be held liable under a *responeat superior* theory for the actions of a sheriff or a sheriff's department. *See Carver v. Crawford*, 564 N.E.2d 330, 334 (Ind. App. 1990); *Argondona v. Lake Cty. Sheriff's Dep't,* No. 2:06-CV-259, 2007 WL 518799, 3 (N.D. Ind. Feb. 13, 2007). Therefore, he may not proceed against LaPorte County.

Mr. Jordan has also filed a "Motion for Freedom of Religion." ECF 10. The allegations in the motion are unrelated to the claims in the amended complaint, and it will therefore be denied.

Additionally, Mr. Jordan filed a motion asking the court to subpoena copies of his grievances and the Indiana jail standards. ECF 13. This is information Mr. Jordan can request from the defendant through the discovery process, once the case progresses to the discovery stage. Therefore, the motion will be denied.

For these reasons, the court:

(1) DENIES Victor L. Jordan's Motion for Freedom of Religions (ECF 10) and Motion for Subpoena (ECF 13);

(2) GRANTS Victor L. Jordan leave to proceed against Sgt. Cecil in his individual capacity for compensatory and punitive damages for using the emergency restraint chair without justification on February 1, 2023, or February 2, 2023, and on February 8, 2023, in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Quality Correctional Care Policy Maker, Dr. Tchatpat, LaPorte County Sheriff, and the County of LaPorte, Indiana;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Cecil at the LaPorte County Sheriff's Department, with a copy of this order and the amended complaint (ECF 11);

(6) ORDERS LaPorte County Sheriff to provide the full name, date of birth, and last known home address of the defendant, if he doesn't waive service and it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Cecil to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 27, 2023     *s/ Damon R. Leichty*
                       Judge, United States District Court